UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LANCE G. OWEN,<br><br>Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, TROY PONTO, JAN WAGNER, ALLCOCK (AW at SDSP),<br><br>Respondents. | 4:15-CV-04087-KES<br><br>MEMORANDUM OPINION AND ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION, GRANTING MOTION TO AMEND, AND DIRECTING SERVICE OF COMPLAINT |

Plaintiff, Lance G. Owen, filed this pro se lawsuit pursuant to 42 U.S.C. § 1983, naming Darin Young, Troy Ponto, Jan Wagner, and "Allcock (AW at SDSP)" as defendants. Docket 1. This matter was referred to Magistrate Judge Veronica L. Duffy for handling pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and this court's standing order of October 16, 2014. This case was "screened" pursuant to 28 U.S.C. §§ 1915 and 1915A, and Magistrate Judge Duffy recommends dismissal of Owen's claims for failure to state a claim upon which relief may be granted pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Docket 8. Owen filed a "supplement," which the court construes as a motion to amend his complaint. Docket 9. For the reasons stated below, the report and recommendation is adopted in part, Owen's motion to amend is granted, and his amended complaint survives screening.

## FACTUAL BACKGROUND

Owen's complaint, filed March 19, 2015, is the second he has filed regarding the same subject matter. On August 20, 2013, this court dismissed Owen's first complaint without prejudice for failure to state a claim upon which relief could be granted. *See* Civ. No. 13-4079, Docket 6. Rather than pursue an appeal, Owen filed a subsequent § 1983 lawsuit. The docket for this lawsuit is unclear because it was originally filed as an amended complaint in his first lawsuit. Owen moved to proceed in forma pauperis. Docket 2. Before the court ruled on that motion, Owen filed a partial filing fee. Docket 6. In the report and recommendation, Magistrate Judge Duffy recommends granting Owen's motion to proceed in forma pauperis. Docket 8.

In his complaint, Owen alleged one cause of action but made multiple claims within that cause of action. Docket 1. He alleged defendants denied him equal protection because, although he is a "lifer" at the SDSP, he was not given permission to transfer funds from his "frozen" prison account to (1) his other prison sub-accounts; or (2) outside the prison to his relatives. *Id.* Owen also implied defendants violated federal law by refusing to release the frozen funds or allow him to use the funds as he wishes. Magistrate Judge Duffy recommends that his complaint be dismissed for failure to state a claim upon which relief may be granted. Docket 8.

Owen filed a "Supplement." Docket 9. In this supplement, Owen argues that defendants violated his rights by increasing his PLRA debt. Docket 9.

2

Owen attaches account statements for April and May of 2015. Docket 9-1; Docket 9-2. The April account statement states that Owen owes $144 to the court under his PLRA obligation and that he has paid $206 toward this obligation. Docket 9-1. Added together, these figures total $350, the amount of a filing fee for an in forma pauperis filer. His May statement shows that Owen now owes $248.22 and has paid $218 towards his PLRA obligation. Docket 9-2. Added together, these figures total $466.22; it is unclear how this amount was calculated.

## LEGAL STANDARD

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts that state a claim as a matter of law and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974).

## DISCUSSION

Liberally construed, Owen's supplement constitutes a motion to amend his complaint. In this complaint, he claims defendants violated his due process rights by deducting too much money for filing fees without authority or proper notification. The report and recommendation recommends that Owen's claim

3

be dismissed. Because Owen has amended his complaint, his original claims have been superseded by the claims in his amended complaint. Thus, Judge Duffy's recommendations are moot and therefore not adopted.

## I.       Owen's Supplement Constitutes a Motion To Amend His Complaint

Owen filed his "supplement" after Magistrate Judge Duffy made her report and recommendation. In his supplement, Owen states a new claim. So, the court will construe it as a motion to amend his complaint. *See Kaden v. Slykhuis*, 651 F.3d 966, 968 (8th Cir. 2011) (on review of § 1915A dismissal, the court construes prisoner's objections to magistrate judge's report as motion for leave to amend complaint); *Iheme v. Smith*, 529 F. App'x 808, 809-10 (8th Cir. 2013) (objections which alleged other constitutional violations should have been treated as a motion for leave to amend the complaint). A motion for leave to amend is committed to the sound discretion of the district court. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). The court grants Owen's motion to amend his complaint.

## II.      Owen's States a Due Process Claim

In his supplement, Owen claims that defendants added to his PLRA debt without explanation. Construed liberally, Owen's supplement raises substantive and procedural due process claims. "The two claims are analytically distinct." *Parrish v. Mallinger*, 133 F.3d 612, 614 (8th Cir. 1998). Owen argues that defendants unconstitutionally adjusted his PLRA debt and did so without proper notification.

4

A prisoner's right to due process may be violated if the prisoner is permanently deprived of money when defendants have no underlying statutory authority to do so. *Parrish v. Mallinger*, 133 F.3d 612, 614 (8th Cir. 1998) (quoting *Sell v. Parratt*, 548 F.2d 753, 759 (8th Cir. 1977)). Under the PLRA, "In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment." 28 U.S.C. § 1915(b)(3). Owen alleges defendants are attempting to make him pay more than the $350 filing fee without statutory authority to do so. This states a due process claim.

Prisoners " 'have a protected interest in their money.' " *Murray v. Dosal*, 150 F.3d 814, 818-19 (8th Cir. 1998) (quoting *Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997)). To determine the process due when money is deducted from a prisoner's account:

> *Mathews* requires [the court] to consider three factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest.

*Id.* at 819 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

Owen alleges that defendants raised his PLRA debt for no reason and without due process. His account statements show a rise in the PLRA debt without explanation. Docket 9-1; Docket 9-2. The full discussion balancing the interests outlined in *Murray* and *Mathews* is inappropriate at this time. Owen

has sufficiently stated a claim upon which relief can be granted to survive dismissal under § 1915A.

### III.   Owen's Filing Fee.

Both the legislative history and the case law interpreting the Prison Litigation Reform Act (PLRA) instruct that unsuccessful prison litigants, like any other litigants, do not receive their filing fees back if their cases are dismissed. Even if his surviving claims are unsuccessful, Owen remains responsible for the balance of the $350.00 filing fee.

Therefore, it is ORDERED

1. Magistrate Judge Duffy's recommendation (Docket 8) that Owen's motion to proceed in forma pauperis be granted is adopted. Owen is granted in forma pauperis status.

2. Owen's supplement (Docket 9), construed as an amended complaint, survives screening under § 1915A.

3. The recommendation that the claims in Owen's complaint be dismissed is moot and therefore not adopted.

4. The United States Marshal shall serve a copy of the amended complaint (Docket 9), Summons, and this Order upon defendants as directed by plaintiff. All costs of service shall be advanced by the United States.

5. Defendants will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service.

6. Owen will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

Dated November 5, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

7