UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LANCE G. OWEN,<br><br>            Plaintiff,<br><br>    vs.<br><br>DARIN YOUNG, TROY PONTO, JAN WAGNER, ART ALLCOCK, AW AT SDSP;<br><br>            Defendants. | 4:15-CV-04087-KES<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>DOCKET NO. 21 |

**INTRODUCTION & BACKGROUND**

      This matter is before the court on plaintiff Lance Owen's *pro se* amended complaint pursuant to 42 U.S.C. § 1983.  See Docket No. 9.  After this court initially screened Mr. Owen's original complaint in this matter, the court recommended dismissal of the complaint for failure to state a claim.  See Docket No. 8.  Mr. Owen's original complaint asserted violation of his constitutional rights because defendants would not allow him to use or transfer funds from his "frozen" prison bank account even though he is a "lifer" and will never be released.  See Docket Nos. 1 and 8.

      After this court issued its recommendation for dismissal, Mr. Owen filed an amended complaint without first filing a motion to amend.  See Docket No. 9.  Owen's amended complaint changed his factual allegations to include the allegation that defendants had deducted more from his prison bank account

than was authorized for his court filing fee.  Id.  Mr. Owen never filed an appeal or objections to this court's recommended dismissal.  Nevertheless, the district court construed his amended complaint as such an objection and allowed his case to go forward, ordering defendants to file an answer.  See Docket No. 10.

Mr. Owen has now filed a motion for a preliminary injunction.  See Docket No. 21.  In his motion, he alleges that he is the subject of discrimination on the basis of sex and retaliation.  Id.  This represents the third time in this lawsuit that Mr. Owen has attempted to completely change the factual basis for his request for relief before this court.

## DISCUSSION

An injunction is a "court order commanding or preventing an action." BLACK'S LAW DICTIONARY at p. 788 (7th ed. 1999).  A "preliminary injunction" is a "temporary injunction issued before or during trial to prevent an irreparable injury from occurring before the court has a chance to decide the case" on the merits.  Id.  Preliminary injunctions are governed by FED. R. CIV. P. 65.  Under that rule, the court may not issue a preliminary injunction until notice has been given to the adverse party.  See FED. R. CIV. P. 65(a)(1).  The court can, if it wishes, consolidate the trial with the hearing on the preliminary injunction.  See FED. R. CIV. P. 65(a)(2).  The moving party ***must*** give monetary security or collateral in an amount sufficient to pay the nonmoving party's costs and damages in the event an injunction is wrongfully issued.  FED. R. CIV. P. 65(c).

To show entitlement to a preliminary injunction, the moving party must show four things:  (1) a likelihood of success on the merits, (2) that he will

suffer irreparable harm in the absence of preliminary injunctive relief, (3) that the balance of equities tips in his favor, and (4) an injunction is in the public interest.  <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008).  <u>See also</u> <u>Dataphase Sys., Inc. v. C.L. Sys., Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981) (emphasis supplied).

Of course, implicit in the above definitions and law—explicit in the first <u>Winter</u> factor—is the idea that a court ruling on a motion for preliminary injunction is giving an early ruling on the merits of the case.  Here, Mr. Owen's motion for preliminary injunction has nothing to do with the merits of his amended complaint.  <u>Compare</u> Docket No. 9 <u>with</u> Docket No. 21.  He is not asking the court to give an early indication of how it will rule on his claim that defendants have deducted more than they were allowed to for court filing fees from his prison bank account.  <u>See</u> Docket No. 21.  Instead, his motion has to do with an entirely new allegation that he is being unfairly discriminated against on the basis of his sex and in retaliation because defendants refused his request to be transferred from the Jameson Annex at the South Dakota State Prison into the general prison population.  This represents entirely new factual allegations and entirely new legal claims than what Mr. Owen asserted in either his original complaint or his amended complaint.  Accordingly, the court recommends denying said motion.

## CONCLUSION

This magistrate judge respectfully recommends that plaintiff Lance Owen's motion for preliminary injunction [Docket No. 21] be denied.

**NOTICE TO PARTIES**

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 11th day of February, 2016.

BY THE COURT:

_Veronica L. Duffy_
VERONICA L. DUFFY
United States Magistrate Judge