UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LANCE G. OWEN,<br><br>    Plaintiff,<br><br>  vs.<br><br>DARIN YOUNG, TROY PONTO, JAN WAGNER, ALLCOCK (AW at SDSP),<br><br>    Respondent. | 4:15-CV-04087-KES<br><br>MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION, DENYING MOTION FOR PRELIMINARY INJUNCTION, DENYING MOTION TO STRIKE, AND DENYING MOTION TO APPOINT COUNSEL |

Plaintiff, Lance G. Owen, filed this lawsuit pursuant to 42 U.S.C. § 1983, naming Darin Young, Troy Ponto, Jan Wagner, and "Allcock (AW at SDSP)" as defendants. Docket 1. Owen now moves for a preliminary injunction. Docket 21. This matter was referred to Magistrate Judge Veronica L. Duffy to handle pretrial matters under 28 U.S.C. § 636(b)(1) and this court's standing order of October 16, 2014. Magistrate Judge Duffy recommends his motion for preliminary injunction be denied, Docket 23, and Owen objects. Docket 26. For the reasons stated below, the report and recommendation is adopted, Owen's motion for preliminary injunction is denied, defendants' motion to strike is denied, and Owen's motion to appoint counsel is denied.

**FACTUAL BACKGROUND**

Owen filed a complaint on March 19, 2015, alleging defendants denied him equal protection because, although he is a "lifer" at the South Dakota

State Penitentiary, he was not given permission to transfer funds from his "frozen" prison account to (1) his other prison sub-accounts; or (2) outside the prison to his relatives. Docket 1. Magistrate Judge Duffy recommends that his complaint be dismissed for failure to state a claim upon which relief may be granted. Docket 8.

On June 11, 2015, Owen filed a "Supplement," which the court construed as an amended complaint. Docket 9. In this amended complaint, Owen alleged that defendants violated his constitutional rights by increasing his debt accrued under the Prison Litigation Reform Act. *Id.* The amended complaint was served, and defendants answered. Docket 16. Owen filed an objection to defendants' answer, Docket 18, and defendants moved to strike this objection. Docket 19.

On February 10, 2016, Owen filed a motion for preliminary injunction. Docket 21. In this motion, he raises new claims that defendants are retaliating against him and sexually discriminating against him because of his claims concerning his prison bank account. *Id.*; Docket 26. The motion was referred to Magistrate Judge Duffy. She recommends that it be denied because the issues Owen raises in the motion for preliminary injunction bear no relation to the issues in his amended complaint. Docket 23 at 3.

Owen objects to this recommendation. Docket 26. He does not directly respond to Magistrate Judge Duffy's findings. He does, however, argue that he should be able to amend his complaint, that defendants are punishing him in

2

order to avoid litigation in the matter, and that he is not attempting to change the factual basis of his complaint but point out that defendants have a "conflict of interest." *Id.* at 4.

## LEGAL STANDARD

Review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to").

## DISCUSSION

### I. Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).

The report and recommendation explains that "implicit in the above definitions and law—explicit in the first *Winter* factor—is the idea that a court ruling on a motion for preliminary injunction is giving an early ruling on the merits of the case." Docket 23 at 3. Because "Owen's motion for preliminary

3

injunction has nothing to do with the merits of his amended complaint" Magistrate Judge Duffy recommends denial of this motion. *Id.* The court agrees.

Owen first argues that he should not be required to provide security or collateral to pay defendants' costs and damages in the event that the injunction is wrongfully issued. Docket 26 at 3-4. This is not the reason Magistrate Judge Duffy recommends denial. Therefore, this objection is overruled.

Second, Owen argues that he should be allowed to amend his complaint in order to rectify issues in his complaint. *Id.* at 4. Owen has already amended his complaint. *See* Docket 9. The preliminary injunction neither attempts to amend his complaint nor concerns claims raised in his complaint. Therefore, this objection is overruled.

Third, Owen argues that he is not changing the factual basis to his complaint but merely pointing out that defendants may have a "conflict of interest" issue arising from his punishment. *Id.* The court construes this as an attempt to raise the claims that Owen was retaliated against for his current lawsuit, is being denied access to the law library and legal materials, and discriminatorily punished based on his sex. These allegations are not relevant to his case and would be more appropriately raised in a separate § 1983 action. Therefore, this objection is overruled.

## II.     Motion to Strike

Defendants move to strike Owen's objections to their answer. Docket 19.

They argue that there is no authority for Owen to file objections to an answer because the court has not ordered a reply, and Owen's objections are not properly before the court. Docket 20 at 1. While the court agrees that Owen's objections are not properly before the court, it is more appropriate to disregard, rather than to strike, the objections.

### III. Motion to Appoint Counsel

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. *Id.* The facts of Owen's claims are not complex; at this stage, they concern math more than law. Owen appears able to adequately present his claims at this time, and his motion to appoint counsel is therefore denied.

The court is aware that the situation may change as litigation progresses. This court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

Therefore, it is ORDERED

1. Magistrate Judge Duffy's report and recommendation (Docket 23) is adopted.

2. Owen's objections to the report and recommendation (Docket 26) are overruled, and his motion for preliminary injunction (Docket 21) is denied.

3. Defendants' motion to strike (Docket 19) is denied.

4. Owen's motion to appoint counsel (Docket 27) is denied.

Dated March 10, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE