UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LANCE G. OWEN,<br><br>          Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, TROY PONTO, JAN WAGNER, ART ALLCOCK, AW AT SDSP;<br><br>          Defendants. | 4:15-CV-04087-KES<br><br>ORDER ON MOTIONS:<br><br>DOCKET NO. 35—PROTECTIVE ORDER<br><br>DOCKET NO. 38—TO STRIKE<br><br>DOCKET NO. 40—FOR DISCOVERY CONDITIONS |

**INTRODUCTION**

This matter is before the court on plaintiff Lance G. Owen's *pro se* amended complaint pursuant to 42 U.S.C. § 1983. See Docket No. 9. Currently pending are three motions. Defendants have moved to stay discovery and for a protective order pending the filing of a motion on qualified immunity. See Docket No. 35. Mr. Owen moved to strike defendants' motion. See Docket No. 38. Mr. Owen then moved for conditions for discovery motions. See Docket No. 40. All of these motions have been referred to this magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge.

1

**FACTS**

Mr. Owen, in his amended complaint, asserts that the South Dakota Department of Corrections (DOC) is taking more money out of his account for Prison Litigation Reform Act (PLRA) filing fees than what Mr. Owen owes under the PLRA.  See Docket No. 9.  He filed a motion for summary judgment, attaching his prison account statements for May and June of 2016.  See Docket No. 31.  Those statements showed that $352 had been taken from Mr. Owen's prison account to pay PLRA filing fees.  See Docket Nos. 31-1 and 31-2.  The filing fee for a single civil case in federal court is $350.  See 28 U.S.C. § 1914.

However, what Mr. Owen failed to take into consideration is that he had filed *two* civil suits in this court:  the instant one and another one previously in 2013 on which PLRA filing fee payments were still being made.  This court issued a report recommending that Mr. Owen's summary judgment be denied because he had not shown that the DOC had taken more than the $700 he owed collectively in filing fees on his two federal civil cases.

Defendants now seek to have this case stayed while they prepare and file a dispositive motion on the issue of qualified immunity.  See Docket No. 35.  Mr. Owen moves to strike defendants' motion because he had previously filed a motion for summary judgment.  See Docket No. 38.  At the same time as he filed his motion to strike, Mr. Owen filed a motion seeking conditions for discovery motions.  See Docket No. 40.

**DISCUSSION**

In order to show a *prima facie* case under 42 U.S.C. § 1983, Mr. Owen must show (1) defendants acted under color or state law and (2) " 'the alleged wrongful conduct deprived him of a constitutionally protected federal right.' " Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (quoting Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009)).

Qualified immunity protects government officials from liability and from having to defend themselves in a civil suit if the conduct of the officials "does not violate clearly established statutory or constitutional rights." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is immunity from suit, not just a defense to liability at trial. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Therefore, the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 536 (1991).

To determine whether an official may partake of qualified immunity, two factors must be determined: (1) whether the facts that plaintiff has shown make out a violation of a constitutional right and (2) whether that constitutional right was "clearly established" at the time of the official's acts. Saucier v. Katz, 533 U.S. 194, 201 (2001). If the court finds that one of the two elements is not met, the court need not decide the other element, and the court may address the elements in any order it wishes "in light of the circumstances of the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Defendants are entitled to qualified immunity if the answer to either of the Saucier prongs is "no."

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.' " Stanton v. Sims, 571 U.S. ___, 134 S. Ct. 3, 5 (2013) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 131 S. Ct. 2074, 2085 (2011) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986))). " 'We do not require a case directly on point' before concluding that the law is clearly established, 'but existing precedent must have placed the statutory or constitutional question beyond debate.' " Stanton, 134 S. Ct. at 5. " 'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.' " Ambrose v. Young, 474 F.3d 1070, 1077 (8th Cir. 2007) (quoting Hunter, 502 U.S. at 229).

The Supreme Court has stated that "if the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery." Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (citing Harlow, 457 U.S. at 818). Only if the plaintiff's claims survive a dispositive motion on the issue of qualified immunity will the plaintiff "be entitled to some discovery." Id. Even then, the Court has pointed out that FED. R. CIV. P. 26 "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Id. Such discretion includes the ability to establish limits on the number of depositions and interrogatories, to limit the length of depositions, to limit the number of

4

requests to admit, to bar discovery on certain subjects, and to limit the time, place, and manner of discovery as well as its timing and sequence.  <u>Id.</u>

The defendants' motion for a protective order and to stay discovery in this case until a qualified immunity motion can be placed before the court is well placed.  Defendants are entitled to assert the defense of qualified immunity before subjecting themselves to further discovery or motions practice.  Accordingly, the court will grant defendants' motion.  Having so ordered, the court notes two things.  Defendants should have already filed such a motion—they have had three months since they filed their motion seeking a stay in which to do so.  Defendants are ordered to get their motion before the court sooner rather than later.  Also, the court notes the issue raised in Mr. Owen's amended complaint appears extremely simple and straight forward.  A brief accounting by defendants would settle the matter.

Mr. Owen's motion to strike will be denied.  The main reason he seeks to strike defendants' motion for protective order is that he had a pending summary judgment motion.  The court has now recommended a resolution of that motion.  Therefore, the reason Mr. Owen asserts for striking defendants' motion no longer exists.  Similarly, because the court has granted defendants' motion, discovery is now stayed.  There is no reason to issue conditions for discovery as Mr. Owen seeks in his second motion.

## CONCLUSION

Based on the foregoing and the report and recommendation being filed this same day in this case, it is hereby

5

ORDERED that defendants' motion for a protective order and to stay discovery [Docket No. 35] is granted.  Discovery in this case is hereby stayed and defendants are directed to file their qualified immunity motion immediately.  It is further

ORDERED that plaintiff Lance Owen's motion to strike [Docket No. 38] is denied.  It is further

ORDERED that plaintiff Lance Owen's motion for discovery conditions [Docket No. 40] is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law.  The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 11th day of October, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge