UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LANCE G. OWEN,<br>a/k/a Lance George Owen,<br><br>           Plaintiff,<br><br>    vs.<br><br>DARIN YOUNG, TROY PONTO,<br>JAN WAGNER, ART ALLCOCK,<br>AW AT SDSP;<br><br>           Defendants. | 4:15-CV-04087-KES<br><br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on plaintiff Lance G. Owen's *pro se* amended complaint pursuant to 42 U.S.C. § 1983. Now pending is defendants' motion for summary judgment. See Docket No. 43. Mr. Owen does not resist the motion. This matter has been referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge.

## DISCUSSION

**A.   Summary Judgment Standard**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The court must view the facts, and inferences from those facts, in the light most favorable to the nonmoving party. See Matsushita Elec. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); Helton v. Southland Racing Corp., 600 F.3d 954, 957 (8th Cir. 2010) (per curiam).  Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Allison v. Flexway Trucking, Inc., 28 F.3d 64, 66 (8th Cir. 1994).

The burden is placed on the moving party to establish both the absence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  Once the movant has met its burden, the nonmoving party may not simply rest on the allegations in the pleadings, but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists.  Anderson, 477 U.S. at 256; FED. R. CIV. P. 56(e) (each party must properly support its own assertions of fact and properly address the opposing party's assertions of fact, as required by Rule 56(c)).

The underlying substantive law identifies which facts are "material" for purposes of a motion for summary judgment.  Anderson, 477 U.S. at 248.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. (citing 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Fed. Practice &

Procedure, § 2725, at 93–95 (3d ed. 1983)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247–48.

Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250. Though *pro se* litigants like Mr. Owen are entitled to a liberal construction of their pleadings, FED. R. CIV. P. 56 remains equally applicable to them. Quam v. Minnehaha Co. Jail, 821 F.2d 522, 522 (8th Cir. 1987). This includes the requirement that defendants support their motion with specific facts in support of the motion and a showing that they are entitled to judgment as a matter of law. Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001).

Courts must remain sensitive, however, "to the special problems faced by prisoners attempting to proceed *pro se* in vindicating their constitutional rights, and [the Eighth Circuit does] not approve summary dismissal of such *pro se* claims without regard for these special problems." Nickens v. White, 622 F.2d 967, 971 (8th Cir. 1980). "When dealing with summary judgment procedures the technical rigor is inappropriate where . . . uninformed prisoners are involved." Ross v. Franzen, 777 F.2d 1216, 1219 (7th Cir. 1985).

3

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall issue in favor of the movant only if there is no genuine dispute as to any material fact *and* the movant is entitled to judgment as a matter of law. Therefore, even where a summary judgment motion is unopposed, the court must still determine if summary judgment is appropriate.  See Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) (failure by nonmoving party to respond to summary judgment motion is not dispositive of the motion); United States v. One Parcel of Real Property, 27 F.3d 327, 329 n.1 (8th Cir. 1994) (same); Fed. R. Civ. P. 56, Advisory Committee Notes to 2010 amendment, subdivision (e) (stating "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion.").

**B.    Application of the Law of Summary Judgment to Defendants' Motion**

Mr. Owen completely changed the basis of his complaint from his first complaint to his second, amended complaint.  His amended complaint sets forth an allegation that defendants are deducting more from his prison account than he owes under the Prison Litigation Reform Act (PLRA) for filing fees in this court.  See Docket No. 9.

Previously, Mr. Owen filed his own motion for summary judgment.  See Docket No. 31.  This court recommended denial of that motion for the reason that Mr. Owen had apparently forgotten that he had filed *two* civil cases in this court for which defendants were authorized to remit payments from Mr. Owen's prison account to this court in order to pay his civil filing fees.  See Docket No. 41.  The civil filing fee for each of the two cases Mr. Owen filed was $350;

4

therefore, he owed this court a total of $700 in filing fees. Id. The fact that defendants had deducted more than $350 from Mr. Owen's account was not, therefore, a violation of Mr. Owen's constitutional due process rights. Id. The district court adopted this court's recommendation in full. See Docket No. 48.

Defendants have now filed their own mirror-image summary judgment motion. See Docket No. 43. In that motion, defendants allege Mr. Owen filed this instant lawsuit, for which he must pay (in installments over time), a $350 filing fee. See Docket No. 45. They also set forth the fact that Mr. Owen previously filed another civil case with this court, Owen v. Young, 4:13-CV-4079-KES, for which Mr. Owen must also pay (in installments over time), a $350 filing fee. Id. Defendants continue to send incremental payments to this court for those filing fees when sufficient money becomes available in Mr. Owen's prison account. Id. To date, Mr. Owen still has a $227.42 outstanding balance owed on his combined $700 in total filing fees.[1] Id. Defendants have debited Mr. Owen's account for a total of $472.58 for payment toward Mr. Owen's filing fees in this court. Id.

It appears from this record that defendants have not made any mistake with regard to debits they have made to Mr. Owen's prison account, let alone a mistake of constitutional magnitude. Accordingly, for the same reasons outlined in this court's recommended denial of Mr. Owen's summary judgment motion [Docket No. 41], this court recommends granting defendants' motion for summary judgment.

---

[1] The filing fee for the civil case Mr. Owen filed in 2013 has now been completely paid.

5

## CONCLUSION

Based on the foregoing, this court respectfully recommends that the motion for summary judgment [Docket No. 43] filed by defendants be granted and that Lance Owen's amended complaint be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1)(B).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED December 29, 2016.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge